UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                              :
VIETNAM VETERANS OF AMERICA   :
CONNECTICUT GREATER HARTFORD  :
CHAPTER 120, VIETNAM          :
VETERANS OF AMERICA, VIETNAM  :
VETERANS OF AMERICA SOUTHERN  :
CONNECTICUT CHAPTER 251,      :
VIETNAM VETERANS OF AMERICA   :
CONNECTICUT CHAPTER 270, and  :
VIETNAM VETERANS OF AMERICA   :
CONNECTICUT STATE COUNCIL     :
                              :
           Plaintiffs,        :
                              :
v.                            :    CASE NO. 3:11CV2009(AWT)
                              :
UNITED STATES DEPARTMENT OF   :
DEFENSE and DEPARTMENT OF     :
HOMELAND SECURITY,            :
                              :
           Defendants.        :
                              :
-----------------------------x
```

<u>**RULING ON MOTION TO DISMISS**</u>

This action is brought by the Vietnam Veterans of America,
Vietnam Veterans of America Connecticut Greater Hartford Chapter
120, Vietnam Veterans of America Southern Connecticut Chapter
251, Vietnam Veterans of America Connecticut Chapter 270 and
Vietnam Veterans of America Connecticut State Council against
defendants United States Department of Defense (the "DoD"), its
components Department of the Army, Department of the Navy,
Department of the Air Force, the United States Marine Corps, the
National Guard Bureau, the Army National Guard and the Air

-1-

National Guard, and the United States Coast Guard, a component
of the Department of Homeland Security (the "DHS"), alleging
violations of the Freedom of Information Act ("FOIA"), 5 U.S.C.
§ 552.

The Complaint seeks declaratory and injunctive relief
compelling the disclosure and release of agency records by the
defendants.  Specifically, the plaintiffs request the release of
records beginning in October 1, 2001 regarding the defendants'
use of personality disorder discharges when separating service
members from the armed forces.  The defendants have moved to
dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of
the Federal Rules of Civil Procedure.  For the reasons set forth
below, the motion is being denied.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

"The complaint, which [the court] must accept as true for
purposes of testing its sufficiency, alleges the following
circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir.
1997).

The FOIA requests at issue in this action are dated April
4, 2011.  However, there are three previous groups of FOIA
requests that were sent to the defendants by the plaintiffs that
are the subject of another lawsuit.  Vietnam Veterans of Am. S.
Conn. Chapter 251 v. Dep't of Def., No. 3:10-cv-1972(AWT) (D.
Conn.) (hereinafter "VVA I").  The VVA I FOIA requests were sent

to the relevant agencies in October 2010, February 2011 and
March 2011.

On April 4, 2011, the plaintiffs submitted, via email
and/or fax, FOIA requests to the United States Coast Guard (a
DHS component), the DoD, and seven DoD components: 1) the
Department of the Army, 2) the Department of the Navy, 3) the
Department of the Air Force, 4) the United States Marine Corps,
5) the National Guard Bureau, 6) the Army National Guard and 7)
the Air National Guard.  The requested records included records
related to whether the DoD and the Coast Guard abided by their
regulations and procedures in discharging service members for
reasons of personality disorder, adjustment disorder and
readjustment disorder since October 1, 2001, as well as other
records related to each discharged service member.  Furthermore,
in the DoD request, the plaintiffs requested records related to
a DoD report to Congress concerning discharges based on
personality disorder diagnoses.  The request letter stated that
the records requested were the subject of three previous FOIA
requests and also the subject of the pending litigation in VVA
I.  Finally, the request indicated that this disclosure is
meaningful because the public remains unaware of whether the DoD
has misused personality disorder discharges, how the DoD polices
its own discharge policies in practice, and whether disabled

veterans are being unjustly denied benefits they are due by virtue of their service in the armed forces.

While the plaintiffs maintain that the records sought by the April 4, 2011 request fell within the scope of previous requests, the plaintiffs state that the defendants have taken a contrary position.  The plaintiffs explain that they filed the April 4, 2011 FOIA requests to avoid unnecessary litigation. Moreover, the plaintiffs stated in their request letters that the purpose of the new requests was to "moot out the objection of counsel for Defendants" in VVA I that the previous FOIA requests did not encompass individual service members' records. (See Compl. (Doc. No. 1) Exs. A, B).

In a letter dated April 13, 2011, the Army responded to the plaintiffs' request stating that it had referred the requests to the offices most likely to have responsive records.  Likewise, in a letter dated April 22, 2011, the DoD responded to the requests stating that based on "discussions with Defendants' Counsel [Benjamin Berwick], Defendants understand that you are willing to postpone searches for these records and discussions regarding an assessment of fees until after you review the documents released in [VVA I], which is scheduled for May 6, 2011." (Defs.' Mot. to Dismiss (Doc. No. 11) Ex. A). Additionally, the DoD stated in its response letter that there was an ambiguity in the FOIA request letter as to whether the

-4-

plaintiffs actually sought to have the April 4, 2011 treated separately from the three previous groups of requests.

The May 6, 2011 document release in connection with the VVA I litigation occurred as scheduled. "After analyzing that production, on June 30, 2011 Plaintiffs informed Attorney Berwick that it was insufficient and that they still sought individual service member records." (Pls.' Mem. Opp. Mot. to Dismiss (Doc. No. 17) at 5). The defendants do not dispute that this communication occurred. Instead, the defendants contend that the plaintiffs never contacted the agencies to convey that the plaintiffs wished to have their April 4, 2011 request processed.

The plaintiffs assert that to date the DoD, Army, Navy, Air Force, Marines, National Guard Bureau, Army National Guard, and Air National Guard have not provided the records sought by the April 4, 2011 FOIA request.

The Complaint alleges two causes of action: 1) that the DoD and the DHS failed to disclose and release records responsive to the plaintiffs' request and 2) that the DoD and the DHS failed to affirmatively disclose records responsive to the plaintiffs' request. The Complaint also alleges that the plaintiffs exhausted the applicable administrative remedies concerning the FOIA request. The defendants have moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal

Rules of Civil Procedure, arguing that the plaintiffs failed to exhaust their administrative remedies before filing this action and their failure to exhaust is not excused, but the case was subsequently dismissed with respect to the DHS, and therefore the Coast Guard, based a stipulation between it and the parties. The remaining defendants are the DoD and the seven DoD components.

## II.  LEGAL STANDARD

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  On a Rule 12(b)(1) motion to dismiss, the party asserting subject matter jurisdiction "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not

whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## III. DISCUSSION

### A.    Subject Matter Jurisdiction

As an initial matter, it is unsettled in this Circuit whether failure to exhaust administrative remedies under FOIA deprives a court of subject matter jurisdiction.  Some courts have concluded that failure to exhaust is a prudential consideration, rather than a jurisdictional prerequisite, and thus a court may consider the merits of a case in the absence of exhaustion.  See, e.g., Wilbur v. C.I.A., 355 F.3d 675, 677 (D.C. Cir. 2004) ("[E]xhaustion is a prudential consideration rather than a jurisdictional prerequisite . . . ."); Hidalgo v. F.B.I., 344 F.3d 1256, 1258 (D.C. Cir. 2003) ("[T]he exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so."); Kishore v. U.S. Dep't of Justice,

575 F. Supp. 2d 243, 252 (D.D.C. 2008) ("Although a FOIA requester is required to exhaust administrative remedies prior to seeking judicial review, his failure to do so does not deprive the Court of subject matter jurisdiction."); Dinsio v. F.B.I., 445 F. Supp. 2d 305, 309 (W.D.N.Y. 2006) ("In the FOIA context, the exhaustion requirement is not jurisdictional, but is a jurisprudential doctrine that precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." (internal quotation marks omitted)).

Other courts, however, have held that exhaustion is a prerequisite to subject matter jurisdiction, and those courts have granted motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) where the plaintiff failed to exhaust his or her administrative remedies.  See, e.g., Trenerry v. I.R.S., 78 F.3d 598, *1 (10th Cir. 1996) ("[T]he district court lacked subject matter jurisdiction over this [FOIA] action where plaintiff has failed to exhaust her administrative remedies."); Voinche v. F.B.I., 999 F.2d 962, 964 (5th Cir. 1993) ("[J]udicial review of the adequacy of the [agency's] response is precluded by [the plaintiff's] failure to seek administrative review . . . ."); In re Steele, 799 F.2d 461, 465-66 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review. . . .  Where no attempt to comply fully with agency

procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." (internal citations omitted)); McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs, No. 03-CV-1074, 2003 WL 23185665, at *1 (E.D.N.Y. Nov. 18, 2003) ("Plaintiff has failed to exhaust his administrative remedies under FOIA.  He is precluded from seeking the information through the courts.  Subject matter jurisdiction is lacking." (internal citation omitted)).

However, under the circumstances presented by this case the court does not need to decide whether exhaustion of administrative remedies is jurisdictional because here the plaintiffs were not required to exhaust their administrative remedies.

### B.   Exhaustion of Administrative Remedies

Congress enacted FOIA "to promote honest and open government and to assure the existence of an informed citizenry to hold the governors accountable to the governed." Grand Central P'Ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999) (internal quotation marks omitted).  "The statute was intended to advance a general philosophy of full agency disclosure." Id. (internal quotation marks omitted).

FOIA requires that agency records be made publicly available upon receiving a request that "reasonably describes such records and . . . is made in accordance with published

rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3). After receiving such a request, the agency shall "determine within 20 days . . . whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i).

If a request is denied or results in an adverse determination, the requester has the right to appeal the decision to the head of the agency. See 5 U.S.C. § 552(a)(6)(A)(i). "[I]ndividuals are required to exhaust this administrative remedy before filing suit." Dinsio, 445 F. Supp. 2d at 309. The exhaustion doctrine exists to prevent premature interference with agency process, allowing agencies to function more efficiently as they correct their own mistakes, affording "the parties and the courts the benefit of its experience and expertise," and providing "a record which is adequate for judicial review." Weinberger v. Salfi, 422 U.S. 749, 765 (1975).

"[A] plaintiff may be deemed to have constructively exhausted his remedies if the agency fails to make a timely response to the initial request." Dinsio, 445 F. Supp. 2d at 309. The 20-day "constructive exhaustion under 5 U.S.C.

§ 552(a)(6)(C) allows immediate recourse to the courts to compel the agency's response to a FOIA request.  But once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 63 (D.C. Cir. 1990); see also Pineiro v. Pension Benefit Guar. Corp., No. 96 Civ. 7392, 1997 WL 739581, at *13 (S.D.N.Y. Nov. 26, 1997) ("[S]o long as the agency to which an applicant has requested documents under the FOIA has responded to that request, the applicant must exhaust all administrative remedies before seeking judicial review of the agency action or inaction.").

Not just any response from the agency will trigger the requirement that the requester exhaust his or her administrative remedies.  Interpreting the requirements of 5 U.S.C. § 552(a)(6)(A), the D.C. Circuit held:

> A response is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse.

Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 65 (D.C. Cir. 1990). Absent "unusual circumstances," an agency must make a final determination regarding whether it will comply with the request within 20 days of its receipt.  5 U.S.C. § 552(a)(6)(B).  This 20-day period may be tolled, however, if the agency requests

-12-

more information from the requester or communicates with the
requester to clarify issues regarding fee assessment.  See
5 U.S.C. § 552(a)(6)(A)(ii).  "[T]he agency's receipt of the
requester's response to the agency's request for information or
clarification ends the tolling period."  5 U.S.C.
§ 552(a)(6)(A)(ii)(II).  Based on the information received, the
agency must then make a final determination within the 20-day
statutory period.  See 5 U.S.C. § 552(a)(6)(A)(ii).  While
"[i]nterim responses acknowledging receipt of the request,
negotiations with the requester concerning the scope of the
request, the response timeframe, and fee agreements are
encouraged . . . such actions do not constitute a final response
determination pursuant to the FOIA."  32 C.F.R. § 286.4(d)(1).

Here, the DoD's letter to the plaintiffs on April 22, 2011
did not constitute a determination which the plaintiffs were
required to appeal in order to exhaust their administrative
remedies because it was not a final determination.  First, the
letter did not state whether the DoD would comply with the
request.  Instead, it stated that fulfilling the request would
"present a great burden on the Department's resources, would
require significant time to process and release, and would
require significant fees be paid for the extensive search for
these records."  (Defs.' Mot. to Dismiss Ex. A).  While the
letter seems to indicate that the DoD might be willing to

-13-

release certain of the requested documents in the future, it did not provide a final determination of the issue.  Second, the letter did not advise the plaintiffs of their right to appeal.

In addition, the letter does not request any information from the plaintiffs so as to toll the 20-day statutory period. To the extent the letter is construed to request that the plaintiffs respond after they reviewed the released documents, such a request is not contemplated by the statute.  The statute only provides for tolling the statutory period if the agency requests more information from the requester or communicates with the requester to clarify issues regarding fee assessment. See 5 U.S.C. § 552(a)(6)(A)(ii).  Therefore, the statutory period in which the DoD was required to make a final determination was not tolled by the April 22, 2011 letter.

Moreover, even if the letter had tolled the statutory period until the plaintiffs responded, when the plaintiffs informed Berwick on June 30, 2011 that they still sought the individual service member records, the DoD was then required to respond and failed to do so within the 20-day period.

Because the DoD failed to make a final determination within the statutory 20-day period, the plaintiffs were not required to appeal.  Therefore, the plaintiffs did not fail to exhaust administrative remedies prior to filing the complaint in this action.

**IV.   CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 11) is hereby DENIED.

It is so ordered.

Signed this 28th day of March, 2014 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge
